UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE WILLIAMS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>,<br><br>　　　　Respondent. | Case No. 24-cv-02097-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. No. 5 |

　　　　Antoine Williams, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

　　　　A jury found petitioner guilty of aggravated sex trafficking of a minor and other related crimes. *People v. Johnson*, No. H084722, 2022 WL 17986210, at *1 (Cal. Ct. App. Dec. 29, 2022). Petitioner was sentenced to a prison term of 15 years to life. *Id*. The California Court of Appeal remanded for resentencing, but otherwise affirmed the conviction. *Id*. at 51. The California Supreme Court denied review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

　　　　This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) trial counsel was ineffective for failing to object to expert testimony that violated the California Racial Justice Act; (2) there was insufficient evidence of coercion with respect to the charge of human trafficking; and (3) the trial court erred in failing to instruct the jury about his good faith mistaken belief that the victim was 18 years-old. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Dkt. No. 5) is granted. The Clerk shall substitute Warden Edward Borla as respondent because he is petitioner's current custodian.

2. The Clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at SFAWTParalegals@doj.ca.gov. The Clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 4).

3. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 8, 2024

_____
JAMES DONATO
United States District Judge